**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

JAMES ROMANO and
SECURE ACCESS CORPORATION,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 07-396 C

Judge Emily Hewitt

**DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

Defendant, the United States, hereby moves for a more definite statement of averments of plaintiffs Complaint pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC").

**I. Plaintiffs' Statements**

Plaintiffs, James Romano and Secure Access Corporation, allege that the Government "has made, used and/or procured one or more devices and/or systems that infringe at least claims 1 and 2 of United States Patent No. Re. 33,873 ("the '873 patent")" in violation of 28 U.S.C. § 1498. Complaint at ¶ 1, 8. Plaintiffs state that Mr. Romano "is the inventor and owner of the '873 patent." Complaint at ¶ 7. Plaintiffs further state that the '873 patent was legally reissued on April 7, 1992 and expired as of February 27, 2006. Complaint at ¶ 6. In sum, the complaint appears to state that Mr. Romano is the owner of the now expired '873 patent at all relevant times.

Plaintiff, Secure Access Corporation (hereinafter "SAC") is a Delaware corporation with its principal place of business in Newport Beach, California. Complaint at ¶ 4. Plaintiffs'

complaint alleges that “SAC is a licensee of the '873 patent and has the *exclusive right* to prosecute this action.” Complaint at ¶ 7 (emphasis added). Finally, the Complaint states that all plaintiffs seek to recover damages incurred during the '873 patent’s life. Complaint at ¶ 6.

**II. Plaintiffs Must Clarify the Standing for both SAC and Romano**

This court should require plaintiffs to clarify the jurisdictional standing of SAC and Mr. Romano with regards to the '873 patent’s life, which ended on February 27, 2006. The Complaint is vague and ambiguous concerning Mr. Romano’s status or interest in this action in light of SAC’s alleged *exclusive* interest. Clarifying such interest is necessary for defendant’s to investigate and assert its equitable defenses and identify the real party in interest to the alleged past damages incurred during the '873 patent’s life.

“Standing is a ‘threshold requirement in every federal action.’” *Hamilton Sundstrand Power Sys. v. United States*, 75 Fed. Cl. 512, 515 (2007) (quoting *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005)). Indeed, the Court of Federal Claims stated that “[a]t the pleading stage, general factual allegations may suffice to meet” “the burden of proving that standing was present at the time the suit was brought.” *Space Exploration Techs. Corp. v. United States*, 68 Fed. Cl. 1, 4 (Fed. Cl. 2005) (quotations and citations omitted). The Complaint’s contradictory allegations regarding the parties SAC and Romano fail in this regard. Specifying SAC’s and Romano’s place in the chain of ownership of the '873 patent and license to the patent is required to provide sufficient information to establish standing before the court. Further, the court should require plaintiffs to make clear what causes of action plaintiffs are asserting that would require damages and on what factual averments those causes are based.

The jurisdictional ambiguity as to standing is apparent within the four corners of the Complaint. Plaintiff, SAC, pleaded an *exclusive license interest* in the '873 patent to prosecute this instant action. Complaint at ¶ 7. The Complaint also avers, however, that Mr. Romano is the "owner of the '873 patent" without limitation. Complaint at ¶ 6. These statements are at odds for the purpose of standing. If SAC is the exclusive holder of the right to prosecute this action, Romano has no standing in this action or his standing is uncertain at best. Conversely, if Romano was the owner during the '873 patent's useful life, then SAC's standing is equally uncertain.

The Federal Circuit recently addressed the standing of a licensee to bring suit in its own name. *International Gamco, Inc. v. Multimedia Games, Inc.*, No. 2007-1034, --- F.3d ----, 2007 WL 2983662 at *5 (Fed. Cir. Oct. 15, 2007) (holding that "an exclusive field of use licensee does not have standing to sue in its own name without joining the patent owner"). Discussing the standing of exclusive licensees to bring suit, the Federal Circuit approvingly cited the Supreme Court's patent standing jurisprudence which "emphasized that an assignment that confers standing also excludes 'all other persons, even the patentee.'" *Id.* at *6 (quoting and discussing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)). Accordingly, the "exclusive right" of a licensee, such as SAC, to bring suit in its own name necessarily excludes all other entities, including the patentee and owner, Romano. In the present case, the Complaint is silent on the nature of Romano's standing with respect to the '873 patent, which depends upon the scope of rights actually transferred to SAC to prosecute this action. *See Id.* at *5 (stating that the focus for standing is on the "rights actually transferred rather than the often impressionistic distinction between assignments and licenses").

The ambiguity concerning plaintiffs' standing obfuscates the pleading's notice concerning the real party in interest and its standing to prosecute this action, making defendant's investigation and responsive pleading an exercise in guesswork. Because the alleged infringing activities for which plaintiffs' seek compensation are subject to the expiration of the '873 patent on February 26, 2006, plaintiffs' only sustainable claims for recovery stem from defendant's alleged use prior to February 26, 2006. This recovery period is further restricted by 35 U.S.C. § 286 (*Custer v. United States*, 622 F.2d 554, 557-559 (Ct. Cl. 1980); *see also McCreary v United States*, 35 Fed. Cl. 533, 546 (1996)) which limits recovery for any of defendant's alleged unauthorized use to a period of six years before the filing of the Complaint. The Complaint was filed on June 18, 2007. Accordingly, no claim for infringement under § 1498 exists for defendant's alleged activities that occurred <u>after</u> the expiration of the patent and <u>before</u> June 18, 2001. The chain of title and interest in the asserted patent must also be clearly laid out as plaintiffs' compensation claims fall under the reach of the anti-assignment requirements of 31 U.S.C. § 3727. *See Foster v. United States*, 230 Ct. Cl. 938, 939-40 (1982) (finding that the anti-assignment act applied to claim which arose prior to the time plaintiff became owner of rights to the patent at issue).

The Complaint is indefinite regarding which party, SAC or Romano, held rights to the '873 patent during its useful life or currently holds such rights. Through conflicting statements, it fails to make clear either SAC's or Romano's standing. SAC and Romano should clarify plaintiffs' standing and state the factual averments upon which their joint and/or separate claims for relief rely. Without such factual averments, the defendant can only speculate which plaintiff is the proper party with rights to the '873 patent during the relevant period.

## III. CONCLUSION

Plaintiffs' present Complaint is ambiguous as to the real party in interest, either SAC or Romano, and their respective grounds for recovery. From the existing Complaint allegations, it remains wholly uncertain whether SAC has any standing to obtain recovery for the defendant's alleged past infringement of the '873 patent prior to its expiration or whether Romano has any standing to obtain recovery in light of SAC's exclusive right to prosecute this action. This ambiguity renders defendant's investigation and response a patchwork of guesses concerning at least one party, either SAC or Romano, with potentially no real interest in the present action.

For the reasons stated above, defendant respectfully requests that this motion for a more definite statement clarifying the jurisdictional standing of plaintiffs' Romano and SAC be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

*s/Trevor Jefferson*

Trevor M. Jefferson
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0333
Facsimile: (202) 307-0345

OF COUNSEL:
GARY HAUSKEN
Assistant Director

October 16, 2007