**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JAMES ROMANO and<br>SECURE ACCESS CORPORATION, | ) | |
| Plaintiffs, | ) | No. 07-396 C |
| v. | ) | Judge Emily Hewitt |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, Defendant hereby answers the averments made in each of the numbered paragraphs of the Complaint filed on June 18, 2007. Upon current information and belief, all averments of the Complaint are denied except to the extent expressly admitted below.

**JURISDICTION AND VENUE**

1. With respect to paragraph 1 of the Complaint, Defendant admits that Plaintiffs' claim is one for compensation for the alleged use and manufacture of an invention described in and covered by a United States patent, pursuant to 28 U.S.C. § 1498. Defendant denies the remaining averments.

2. With respect to paragraph 2 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498(a). Defendant denies the remaining averments.

## THE PARTIES

3. With respect to paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

4. With respect to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

5. With respect to paragraph 5 of the Complaint, Defendant admits that the United States government is the Defendant in this action based upon the actions and conduct of the Department of Defense and the General Services Administration and its contractors, to the extent that Defendant authorized and consented to the actions and conduct of its contractors. Defendant denies the remaining averments.

## COUNT I - CLAIMS FOR PATENT INFRINGEMENT

6. With respect to paragraph 6 of the Complaint, Defendant admits that, on April 7, 1992, the United States Patent and Trademark Office reissued United States Patent No. RE 33,873 ("the '873 patent"), entitled "Microcomputer Controlled Combination Lock Security System." Defendant admits that a true and correct copy is attached to Plaintiffs' Complaint as Exhibit A. Defendant further admits the '873 patent is a reissue of United Sates Patent No. 4,755,799 ("the '799 patent") filed on February 27, 1986. On its face, the '873 patent expired as of February 27, 2006. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

7. With respect to paragraph 7 of the Complaint, Defendant admits that the '873 patent lists James Romano as the inventor. The Defendant also admits that agreements between SAC and Romano for the '873 patent on their face purportedly grant SAC “the exclusive right ... to sue for and

collect past, present and future damages ... for infringement of the ['873 patent].” Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

8. With respect to paragraph 8 of the Complaint, the allegation that the Defendant has infringed at least claims 1 and 2 of the '873 patent is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the allegation. Defendant admits that the Department of Defense, or its contractors, have procured smart card-based physical access systems. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

9. Paragraph 9 contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 9 of the Complaint.

10. Paragraph 10 contains legal conclusions which require no response. However, to the extent that a response is required, Defendant denies the averments of paragraph 10 of the Complaint.

11. With respect to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

## PRAYER

a.-f. Paragraphs (a) through (f) of the Complaint state Plaintiffs' prayer for relief to which no response is required. However, to the extent that paragraphs (a) through (f) are deemed to contain averments, Defendant denies each such averment. Defendant further denies that Plaintiffs are entitled to any of the relief requested in paragraphs (a) through (f).

## DEFENSES

Upon current information and belief, Defendant further answers concerning its defenses:

1. Defendant has not infringed any of the asserted claims of the '873 patent.

2. The asserted claims of the '873 patent are invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and perhaps for additional reasons which, when ascertained, Defendant requests leave to add to this Answer or otherwise give notice to Plaintiffs.

3. Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiffs be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

4. Plaintiffs are not entitled to any compensation for alleged infringing activities pursuant to 31 U.S.C. § 3727.

5. Plaintiffs' claims based on the '873 patent are barred by the doctrine of laches.

6. To the extent that Plaintiffs are seeking recovery for any of Defendant's alleged unauthorized use occurring more than six years before the filing of the Complaint, Plaintiffs are precluded from any such recovery, as set forth in 35 U.S.C. § 286.

7. To the extent that Plaintiffs are seeking recovery for any of Defendant's alleged unauthorized use after the expiration of the '873 patent, Plaintiffs are precluded from recovery.

8. To the extent that components or systems supplied by other parties are used by or for Defendant, and to the extent such other parties are licensed by plaintiffs, impliedly or otherwise, Defendant's alleged infringing activities are authorized and licensed.

9. Defendant asserts any and all defenses which are presently unknown to it, but which, when ascertained, Defendant requests leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiffs;

B. That the Court adjudge each asserted claim of the '873 patent invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112;

C. That the Court adjust each asserted claim of the '873 patent not infringed by or for Defendant;

D. That the Court adjudge that Plaintiffs are not entitled to any compensation pursuant to 28 U.S.C. § 1498(a);

E. That Defendant recover from Plaintiffs all of its expenses, including costs and attorney fees; and

F. That Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/*Trevor Jefferson*
Trevor M. Jefferson
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0333
Facsimile: (202) 307-0345

OF COUNSEL:
GARY HAUSKEN
Assistant Director

November 13, 2007