**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JAMES ROMANO and SECURE ACCESS CORPORATION,** | § | |
| | § | |
| **Plaintiffs,** | § | **No. 07-396** |
| | § | |
| **v.** | § | **Judge Emily Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs JAMES ROMANO and SECURE ACCESS CORPORATION ("Plaintiffs") and Defendant THE UNITED STATES ("the Government"), hereby submit this Joint Preliminary Status Report.

An early meeting of counsel was held on January 2, 2008, and the parties discussed the below-listed topics and arrived at the following positions:

**I. RCFC APPENDIX A ¶ 4 DISCLOSURES**

**(a) Does the court have jurisdiction over the action?**

Yes. The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1498(a). Plaintiffs state that the United States Court of Federal Claims has jurisdiction over this matter pursuant to 28 U.S.C. §1498(a) because their Complaint alleges that United States Patent No. RE 33,873 (the "'873 patent") has been infringed by or for the Government. The Government agrees that §1498(a) provides jurisdiction in this Court for claims for compensation alleging the unauthorized use of a patented invention by or for the United States.

**(b) Should the case be consolidated with any other case and, if so, why?**

No. None of the parties are aware of any other case that should be consolidated with the

present case.

**(c) Should trial of liability and damages be bifurcated and, if so, why?**

Plaintiffs propose that there be no bifurcation of liability and damages. Plaintiffs do not believe that an independent consideration of damages will provide or promote efficiency in the resolution of this case. To the contrary, Plaintiffs submit that a separate trial on damages will result in duplicative scheduling, proceedings, and trials. The determination of damages in this case, based on a reasonable royalty, can be more efficiently addressed in the context of and at the same time as liability.

The Government proposes that the accounting phase (damages) should be bifurcated from the liability phase. Plaintiffs have broadly asserted infringement by the Department of Defense (DoD) and General Services Administration. Within DoD alone, there are at least five major agencies and potentially hundreds of procurement offices who may have procured allegedly accused systems. Based on the plaintiff's broad accusation of infringement, the number of accused systems could be substantial. As a result, Defendant anticipates that there will be a substantial number of systems which could be accused by plaintiffs after review of the government's production, all of which must be individually compared to the claims to determine infringement. However, assuming liability is found, during the accounting phase, the court need only address those systems which are found to infringe.

In light of the substantial number of systems that could be accused, Defendant submits that the better course is to bifurcate liability and validity issues from accounting issues. In that manner, the parties initially need address only the validity of the claims and whether the accused systems infringe. Then, if infringement is found, the parties need only address the accounting issues with respect to the systems found to infringe. This procedure will promote efficiency by

limiting the number of issues to be addressed in each phase. It potentially will also save substantial time and cost should only some of the accused systems be found to infringe. If there is no bifurcation of liability and damages, as Plaintiffs propose, then Defendant believes that the proposed discovery and trial schedule, below, would be overly optimistic and will probably result in subsequent enlargements that will significantly delay the start of trial.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this case or any other tribunal and if so, why? State whether there is any basis for transferring or remanding the case to another tribunal, and whether the parties are aware of any related cases in this or any other tribunal?**

No. At this time, there are no other cases or proceedings pending that would provide a basis for deferring, transferring, or remanding this case to another tribunal.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long**?

No. There is no basis upon which a remand could be requested. At present, the parties do not foresee any reason for seeking a remand or suspension of this matter.

**(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder**.

Plaintiffs are not aware of other parties that must be joined to the present action and have no intention of joining additional parties.

The Government is considering noticing two contractors involved in the procurement of the accused systems with respect to the present action pursuant to RCFC 14. The parties, BAE Systems Applied Technologies Inc. and MC Dean Inc., provide the installation and services for at least one accused smart-card-based physical access system in at least one DoD contract. The Government expects to provide notice to these parties pursuant to RCFC 14 no later than January 18, 2008. Should further investigation and discovery produce additional parties, the Government

reserves the right to serve notice of this present action to such parties.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b) [lack of jurisdiction, insufficient process, failure to state a claim, failure to join a party], 12(c) [motion for judgment on the pleadings], or 56 [summary judgment], and, if so, what is the schedule for the intended filing?**

The Government previously filed a Motion for More Definite Statement. But after conference with the Court, and after achieving an agreement regarding early, informal document production, the motion was withdrawn. No party contemplates the filing of a motion pursuant to RCFC 12(c). The parties do not presently have sufficient knowledge to determine whether motions pursuant to RCFC 56 are appropriate. As discovery progresses, the parties expect to evaluate whether there is no genuine issue of material fact with respect to at least part of the case, making the case amenable to at least a partial summary disposition. The parties will promptly notify the Court should it appear that proceedings for summary disposition are appropriate.

**(h) What are the relevant factual and legal issues? Describe the material issues of fact and law that are in dispute, as well as those that are not**.

The parties believe the relevant issues include:

**1. Validity of the '873 Patent**

**Plaintiffs' Position**: Plaintiffs contend that the claims of the patent are valid and enforceable. On April 7, 1992, the "'873 patent" was duly and legally re-issued for a "Microcomputer Controlled Combination Lock Security System." Plaintiff Romano is the inventor and owner of the '873 Patent, and Plaintiff Secure Access Corporation is a licensee of the '873 patent with the right to prosecute this action against the Government.

**The Government's Position**: Defendant contends that the asserted claims of the '873 patent are invalid. Defendant's investigation is continuing, and Defendant expressly reserves its

right to raise other bases of invalidity as they are discovered.

**2. <u>Infringement of the ‘873 Patent</u>**

**Plaintiffs’ Position**: Plaintiffs contend that the Government has infringed the ‘873 patent. The ‘873 patent is generally directed to certain smart card-based physical access control security systems. More specifically, it teaches variations of a security system that utilizes microcomputers and cryptographic techniques which offer significant advantages to previously known hard wired systems.

The Government made, had made, used and/or procured one or more devices and/or systems that infringe at least claims 1 and 2 of the ‘873 patent. Specifically, and upon information and belief, such devices and/or systems include certain smart card-based physical access control security systems procured and implemented by, at least, the Department of Defense and the General Services Administration. The Government procured and proliferated such smart card-based physical access control security systems without: (a) a license from Plaintiffs; or (b) any other lawful right under the ‘873 patent.

**The Government’s Position**: Defendant responds that at least some of the smart-card-based physical access systems do not infringe any one of the asserted claims of the '873 patent. Defendant’s investigation of Plaintiffs’ allegations of infringement and the accused systems is continuing, and Defendant expressly reserves its right to raise other bases of non-infringement as they are discovered. Defendant will respond to Plaintiffs infringement contentions with respect to specific accused systems in accordance with the schedule.

**3. <u>If Plaintiffs are entitled to compensation, what quantum of reasonable and entire compensation is appropriate?</u>**

**Plaintiffs’ Position**: Plaintiffs believe that the Government is liable to them in an

amount that adequately compensates them for damages caused by the Government's infringements, which, by law, cannot be less than a reasonable royalty. A reasonable royalty determination may be based on an established royalty, if one exists, or on a hypothetical royalty. A hypothetical royalty is based on a supposed arm's length negotiation taking place at the time the infringements began, such hypothetical negotiation occurring between a willing licensor and a willing licensee who had knowledge that the patent would be sustained as valid and infringed, if litigated. Plaintiffs are further entitled to reasonable interest for the Government's delay in paying the required damages. The reasonable royalty rate and royalty base will be developed through discovery and expert disclosures.

**The Government's Position**: Defendant responds that Plaintiffs' reasonable and entire compensation for any unauthorized use of the claimed inventions is governed by Section 1498(a) and the corresponding case law. See, e.g., Decca v. United States, 640 F.2d 1156, 1167 (Ct. Cl. 1980). That law generally provides that the inventor is entitled to reasonable compensation that, in most instances, is to be determined by applying a reasonable royalty rate to the appropriate royalty base, and thereafter, applying a reasonable rate of interest to the royalty compensation to account for the delay in payment from the date royalties would have been paid until the date of actual payment. Thus, while Plaintiffs contend that the compensation "cannot be less than a reasonable royalty" (and therefore suggests that the compensation can be greater than a reasonable royalty), Defendant contends that reasonable compensation is the equivalent of a reasonable royalty. Further, the parties are likely to differ as to the appropriate royalty and delay compensation rates to be applied and may also differ as to what constitutes the appropriate royalty base.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated? The parties shall state whether any method of ADR, including those described in the SPO, is viable. If not, they shall explain why, with particularity**.

The parties submit that it is too early to determine the likelihood of settlement. The parties intend to further explore the possibility of settlement once they have a better assessment of the facts.

The parties will also continue to consider Alternative Dispute Resolution (ADR) techniques as the case progresses. However, ADR is most useful when the parties have already exhausted direct settlement discussions. In addition, many of the issues involved are legal issues for which ADR is not well-suited. Thus, the parties do not envision that ADR will be useful in this case in fostering settlement between the parties until at least some of the legal issues are resolved. Nevertheless, the parties expect to revisit the question of whether ADR would prove useful as the case progresses.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The parties expect to proceed to trial but do not request an expedited trial schedule. *See* the parties' Joint Proposed Scheduling Plan.

**(k) Are there special issues regarding electronic case management needs?**

No. The parties are not aware of any special issues at this point.

**(l) Is there other information of which the court should be aware at this time?**

The parties are not aware of any additional information to bring to the Court's attention at this time. Counsel for the parties jointly represent that they held the early meeting of counsel as required in Appendix A ¶ 3 on January 2, 2008. In addition, counsel for the parties jointly stipulate that the RCFC 26(a)(1) initial disclosures will be served on or before February 29,

2008.

## II. JOINT PROPOSED SCHEDULING PLAN

**(a) The requested place of any trial (and of hearings in general); the anticipated duration of trial; and the earliest date by which the case can reasonably be expected to be ready for trial.**

The parties request that trial be held in Washington, D.C. Plaintiffs, at present, expect that a trial will require approximately 8 days of trial time. The Government expects that a trial will require approximately 8 days of trial time, if trial is limited to liability issues.

Plaintiffs request that the trial be held at the earliest reasonable date. Plaintiffs contend that the parties could be ready for trial no later than March 2009.

Defendant believes the earliest reasonable date that the parties expect to be ready for trial on liability issues is May 2009. The length of the trial will depend on the scope of the liability and accounting issues addressed.

**(b) The dates for joinder of additional parties**.

Plaintiffs do not anticipate joining any additional parties.

The Government contemplates that it will seek to notice the two contractors mentioned in Section I(f) by January 18, 2008. However, due to the broad allegations of infringement (which do not mention specific systems or contracts), the Government may seek to notice additional contractors as discovery continues and Plaintiffs' allegations of infringement are clarified.

**(c) Whether either of the parties anticipates filing any dispositive motions**.

As discussed in Section I(g) above, the parties are still considering whether motions pursuant to RCFC 56 are appropriate.

Plaintiffs propose that all motions for summary judgment be filed no later than 30 days after the close of expert discovery.

The Government proposes that any motions for summary judgment related to liability be filed no later than 30 days after the conclusion of expert discovery.

**(d) Whether the case should be conducted in phases**.

Plaintiffs propose that there be no bifurcation of liability and damages. Plaintiffs do not believe that an independent consideration of damages will provide or promote efficiency in the resolution of this case. To the contrary, Plaintiffs submit that a separate trial on damages will result in duplicative scheduling, proceedings, and trials. The determination of damages in this case, based on a reasonable royalty, can be more efficiently addressed in the context of, and at the same time as, the Government's liability.

The Government proposes that the accounting phase should be bifurcated from the liability phase of the case. Plaintiffs have broadly asserted infringement by the Department of Defense (DoD) and General Services Administration. Within DoD alone, there are at least five major agencies and potentially hundreds of procurement offices who may have procured allegedly accused systems. Based on the plaintiff's broad accusation of infringement, the number of accused systems could be substantial. As a result, Defendant anticipates that there will be a substantial number of systems which could be accused by plaintiffs after review of the government's production, all of which must be individually compared to the claims to determine infringement. However, during the accounting phase, the court need only address those systems which are found to infringe. As discussed in Section I(c), in light of the potential number of systems that could be accused, Defendant submits that the better course is to bifurcate liability and validity issues from accounting issues. This procedure will promote efficiency by limiting the number of issues to be addressed in each phase. If there is no bifurcation of liability and damages, as Plaintiffs propose, then Defendant believes that the proposed discovery and trial

schedule, below, would be overly optimistic and will probably result in subsequent enlargements that will significantly delay the start of trial.

**(e) A date by which fact discovery will be completed and whether the case will likely involve the discovery of classified material**.

At this time, the parties do not anticipate that this case will involve the discovery of classified material.

Plaintiffs propose that all fact discovery be completed within 75 days after the issuance of the Court's claim construction decision.

The Government proposes that fact discovery related to the liability phase of the case should be completed within 75 days after the issuance of this Court's claim construction decision.

(**f) Pursuant to RCFC 26(a)(2), the dates by which each party shall disclose its expert witnesses' identities and reports (including rebuttal reports), and the dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case**.

Plaintiffs propose that each party identify its expert witnesses no later than 30 days after the Court's decision on claim construction. Each party should submit its expert reports addressing issues for which the party bears the burden of proof no later than 21 days after the conclusion of fact discovery. Any rebuttal expert reports should be submitted no later than 21 days after the initial expert reports. Each party will make its experts available for deposition during the time period between serving the rebuttal reports and the conclusion of expert discovery.

The Government proposes that each party shall identify its expert witness(es) related to the liability phase of the case no later than 30 days after the Court's decision regarding claim construction. Each party should submit its expert reports addressing any liability issues for which the party bears the burden of proof no later than 21 days after the conclusion of fact

discovery. Any rebuttal expert reports should be submitted no later than 21 days after the initial expert reports. Each party will make its experts available for deposition during the time period between serving the rebuttal reports and the conclusion of expert discovery.

**(g) The date by which expert discovery will be completed**.

Plaintiffs propose that all expert discovery should be completed within 60 days of the conclusion of fact discovery.

The Government proposes that expert discovery related to the liability phase of the case should be completed within 60 days of the conclusion of fact discovery.

**(h) Whether the presumptive limits of ten depositions and 25 interrogatories per party should apply in this case and, if not, the reasons for varying these limits**.

The parties believe that the presumptive limits should not apply in this case. With respect to the interrogatory limits, we believe that each side (Plaintiffs being one "side" and the Government being another "side") should be permitted to serve up to 30 interrogatories. This proposal would provide substantial savings in time for the parties given the aligned interests of the two Plaintiffs. For the same reasons, we jointly propose that depositions be limited to 10 per side (not per party).

**(i) Any other matters pertinent to the completion of discovery in this case or that counsel deem appropriate for inclusion in the joint scheduling plan**.

The parties propose the following:

| **Description** | **Date** |
|---|---|
| Plaintiffs' Preliminary Claim Charts | April 3, 2008 |
| Government's Responsive Charts | May 29, 2008 |
| Plaintiffs' Proposed Claim Construction Statement | June 19, 2008 |
| Defendant's Response to Proposed Claim Construction | July 10, 2008 |

| | |
|---|---|
| Meet and Confer for Joint Claim Construction Statement | July 22, 2008 |
| Joint Claim Construction Statement | July 31, 2008 |

These deadlines are based upon currently-available information and are only tentative. The parties are not aware of any additional information to bring to the Court's attention at this time.

## III. <u>OTHER MATTERS</u>

**Provide three alternate dates (and time of day) that are mutually agreeable to counsel for a status conference with the court. These dates should be at least 14 days, but not more than 21 days after the filing of the JPSR**.

The parties propose January 23, 24, or 25 at 3:00 pm Eastern Standard Time as the three alternative dates for a status conference.

Respectfully submitted,

Dated: January 4, 2008.

/s/ David C. Tobin
TOBIN O'CONNOR & EWING
5335 Wisconsin Avenue, NW, Suite 700
Washington, DC 20015
(202) 362-5900
(202) 362-5901 (fax)

Jonathan T. Suder
Edward R. Nelson, III
Steven W. Hartsell
FRIEDMAN SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)

**ATTORNEYS FOR PLAINTIFFS**

Respectfully submitted,

Dated: January 4, 2008.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

/s/Trevor M. Jefferson
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0333
Facsimile: (202) 307-0345

**ATTORNEYS FOR DEFENDANT**

OF COUNSEL:
GARY HAUSKEN
Assistant Director

k:\romano\pleadings\jpsr.doc