IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES ROMANO and<br>SECURE ACCESS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-396 C<br><br>Judge Emily Hewitt |

**DEFENDANT'S UNOPPOSED MOTION FOR**
**LEAVE TO FILE A MOTION FOR RULE 14 NOTICE**

Defendant, the United States ("the government"), respectfully requests leave to file a Motion for Notice under Rule 14 to BAE Systems, Inc., in the present case. A copy of the proposed Unopposed Motion has been attached to this Unopposed Motion for Leave as Exhibit A ("Unopposed Motion for Notice").

Pursuant to Rule 14 of the Rules of the Court of Federal Claims ("RCFC"), the Court or a party may move to provide formal notice to a potentially interested third-party to enter an action if it so desires. In accordance with RCFC 14 the government must file a Rule 14 motion on or before the filing date of the Answer. But the Court may also allow the filing of a Rule 14 motion at a later time under RCFC 14(b)(2) "[f]or good cause shown."

Two contractors performed work under contract to the government to create a smart card-based physical access system at the Defense Manpower Data Center ("DMDC") Card Office. The work was performed before and after the February 2006 expiration of the patent at issue, United States Patent No. Re. 33,873 ("the '873 patent"). Complaint at ¶ 6. It was recently determined that only one of these two contractors, BAE Systems Inc., performed work prior to

the expiration of the '873 patent that potentially infringes the asserted claims of the '873 patent.

In addition, the asserted claims of the '873 patent for "smart card-based physical access systems," see Complaint at ¶ 8 and 9, include numerous components that complete the accused systems. Thus, the government searched among both parts and systems contracts for the appropriate third parties with respect to the DMDC Card Office access system. Plaintiffs allegations regarding smart card-based physical access systems potentially encompass physical access systems in numerous locations that may have been installed and modified over time to incorporate smart cards. Thus, the government's search for potential systems distributed among the numerous components within Department of Defense ("DoD") requires the examination of identified contracts to determine if the work was performed prior to the expiration of the '873 patent and which installations were performed under the contract.

This Motion for Leave is necessary because counsel for the government was unable to verify the scope of the third parties' performance under the contract before filing the Answer. Counsel for the government noted the inquiry into various systems throughout the DoD and potential notification of third parties in the parties' Joint Preliminary Status Report. Because there is no central contractor or procurement of smart card-based physical access systems throughout the accused agencies, it is expected that additional contractors with indemnification interests may be discovered during the government's investigation. As the parties further discussed in the January 27, 2008, status conference, the government is identifying the potential installations and contracts where physical access security systems were employed during the relevant period for hardware, software and systems. Upon completion of its investigation of the scope of the work and verification of the time of performance in the DMDC Card Office access

system and its time and method of operation, the government filed this motion to provide notice the identified contractor, BAE Systems, Inc.

Granting the government's Motion for Leave and the government's Unopposed Motion for Notice will not prejudice the parties. As of the filing of this Motion, fact discovery has only recently commenced, and the government will not oppose related requests for extensions of time that directly result from the issuance of Notice to BAE Systems. Finally, plaintiffs by email on February 28, 2008, stated that they will not oppose this Motion for Leave nor the Motion for Notice.

For the above reasons, the government respectfully requests that this Unopposed Motion be granted, and that the Court file Defendant's Unopposed Motion for Rule 14 Notice to BAE Systems Inc., attached to this Motion as Exhibit A.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

*s/Trevor M. Jefferson*
TREVOR M. JEFFERSON
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0333
Facsimile: (202) 307-0345

OF COUNSEL:
GARY HAUSKEN
Assistant Director

March 5, 2008