IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES ROMANO and<br>SECURE ACCESS CORPORATION, | ) | No. 07-396 C |
| Plaintiffs, | ) | Judge Emily Hewitt |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR**
**RULE 14 NOTICE TO BAE SYSTEMS, INC.**

Pursuant to Rule 14 of the Rules of the Court of Federal Claims ("RCFC"), Defendant, the United States ("the government"), respectfully requests that the Court issue a notice to the following third-party to appear, if it so desires, as a party to this lawsuit and to assert whatever interest it may have herein:

BAE Systems, Inc.
Attention: Sheila C. Cheston, General Counsel
1601 Research Blvd.
Rockville, Maryland 20850

STATEMENT IN SUPPORT OF MOTION

In this lawsuit, Plaintiffs seek compensation for the alleged unauthorized use or manufacture by or for the United States of smart-card based physical access control security systems. See Complaint ¶ 8. Such devices allegedly infringe at least claims 1 and 2 of Plaintiffs' United States Patent No. Re. 33,873 ("the '873 patent") entitled "Microcomputer Controlled Combination Lock Security Systems" originally filed July 5, 1990 and reissued April 7, 1992.

Plaintiffs assert that the General Services Administration and the Department of Defense procured and implemented such systems. See Complaint ¶ 9.

It has come to the government' s attention that Contract No. N65236-98-D-7812 involves the procurement of systems that potentially fall within the scope of Plaintiffs' asserted claims. In 2005, the Defense Manpower Data Center ("DMDC") via the Space and Naval Warfare Systems Center Charleston awarded a contract to a division of BAE Systems Technologies, Inc. ("BAE Systems"), to provide an Access Control System at DMDC/Access Card Office in Arlington, Virginia. The system included entry/exit doors operated by smart card-based access. Portions of the system installation and operation appear to have taken place in the time period prior to the expiration of the '873 patent in February 2006. Such identified system components should not be construed as an admission of infringement or liability, as the government has not yet completed its assessment of these systems. Nevertheless, to further discovery and to meet its ongoing discovery obligations, the government hereby identifies BAE Systems' provision of an Access Control System including its system hardware and software as potentially relevant to the instant case.

Rule 14 of the RCFC provides a means for a third-party, with an apparent interest in the outcome of the litigation, to enter the action if it so desires. Although notice affords the third-party an opportunity to defend its interests, it does not compel the third-party to appear. Rockwell Int'l Corp. v. United States, 31 Fed. Cl. 536, 539-40 (1994); see Carrier Corp. v. United States, 534 F.2d 244, 251-52 (Ct. Cl. 1976).

BAE Systems has an apparent interest in the outcome of this litigation and should be afforded an opportunity to enter the action as a third-party defendant if it so desires. BAE

Systems may be obligated to indemnify the government based upon an implied warranty of non-infringement under U.C.C. § 2-312 (3). It may have commercially provided smart card-based physical access systems, or may desire to provide such systems in the future. Thus, BAE Systems may now have an interest in appearing as a third-party defendant in this action to establish its right to provide such systems free from claims of infringement.

The issuance of the requested notice conforms to the established practice of this Court. See Myrtle Beach Pipeline Co. v. United States, 6 Cl. Ct. 363, 365 (1984); Bowser, Inc. v. United States, 420 F.2d 1057, 1060 (Ct. Cl. 1970). By email on February 28, 2008, counsel for Plaintiffs advised counsel for the government that Plaintiffs do not oppose this motion.

CONCLUSION

For the above reasons, the government respectfully requests that the Court issue notice to BAE Systems pursuant to RCFC Rule 14.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

*s/Trevor M. Jefferson*
TREVOR M. JEFFERSON
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0333
Facsimile: (202) 307-0345

OF COUNSEL:
GARY HAUSKEN
Assistant Director

March 5, 2008